J-S04003-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| HILLYARD'S LANDSCAPING, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NICHOLAS CEMPROLA, | |
| Appellant | No. 1158 MDA 2014 |

Appeal from the Judgment Entered August 8, 2014
In the Court of Common Pleas of Union County
Civil Division at No(s): CV-11-0442

BEFORE:  BOWES, ALLEN, and STRASSBURGER,[*] JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JANUARY 28, 2015**

Nicholas Cemprola appeals from the judgment entered on a nonjury verdict in favor of Hillyard's Landscaping.  We affirm.

On June 30, 2011, Appellee instituted this breach of contract action against Appellant averring that Appellant had not paid the sum of $3,366.00 due and owing after it performed stone and landscaping work at Appellant's residence located at 1072 Hardscrabble Lane, Lewisburg, Union County. Appellant filed an answer and counterclaim asserting that Appellee performed the stonework and landscaping in an unworkmanlike manner and that he incurred damages due to the substandard work.  The case proceeded to an arbitration board, which found in favor of Appellee.  Appellant

_____

[*]  Retired Senior Judge assigned to the Superior Court.

appealed, and the case proceeded to a nonjury trial on April 25, 2014. Appellee again prevailed and was awarded the unpaid amount due for the stonework and landscaping, which amounted to $3,366.00, plus interest of $2,019.60 for a total verdict of $5,385.60. The trial court found against Appellant on his counterclaim.

The trial court indicated that its verdict was premised upon the following facts. In 2010, Appellee provided a series of proposals for stone and landscaping work at Appellant's house. The work consisted of the installation of stone stairs, sidewalk, and patio. The parties agreed on the scope of the work and a $17,565 price as outlined in a November 5, 2010 proposal. Prior to the onset of winter, Appellee completed the work required by the November 5, 2010 contract. At trial, Appellee submitted photographs of the completed work. Appellee invoiced Appellant for $17,565.00, and Appellant paid $14,199.00 of the outstanding amount. Appellant refused to remit the remaining $3,366.00. The contract provided for monthly interest of 1.5%.

When it performed the work, Appellee explained to Appellant that some settling of the stonework could occur during the freeze and thaw cycles that occur in winter. Appellee advised Appellant that it would return in the spring to repair any stones that settled following installation. The following spring, Appellant refused to allow Appellee to return to the property to remedy some settling problems that arose after the winter of

2010-2011. Appellee failed to hire any third parties to fix the settled stonework and did not expend any sums of money to repair any work performed by Appellee. In 2013, Appellant sold the property where the work was performed.

The trial court concluded that Appellee completed the stonework in a good and workmanlike manner, that Appellant had refused to allow Appellee to fix the settling of stonework depicted in photographs submitted by Appellant, and that Appellant suffered no damages from any purported problems with the stonework. The trial court entered a judgment in favor of Appellee on the complaint and against Appellant on his counterclaim. This appeal followed denial of Appellant's motion for post-trial relief. He raises the following issues for our review:

> 1. Did the Trial Court err in determining that Appellant performed its job in a good, workmanlike manner when Appellee provided testimonial and photographic evidence otherwise?
>
> 2. Did the Trial Court err in determining that Appellant refused to let Appellee come back to the subject property, when the evidence showed that Appellant was open to a return but Appellee instead filed suit?
>
> 3. Did the Trial Court err in determining that Appellant suffered no damages, when Appellant, during cross examination by Appellee, specifically noted damages he incurred during the sale of the subject property?

Appellant's brief at 5.

Initially, we outline our applicable standard of review of a nonjury trial:

    Our appellate role in cases arising from nonjury trial
    verdicts is to determine whether the findings of the trial court
    are supported by competent evidence and whether the trial court
    committed error in any application of the law. The findings of
    fact of the trial judge must be given the same weight and effect
    on appeal as the verdict of a jury. We consider the evidence in a
    light most favorable to the verdict winner. We will reverse the
    trial court only if its findings of fact are not supported by
    competent evidence in the record or if its findings are premised
    on an error of law. However, where the issue concerns a
    question of law, our scope of review is plenary.

*Allegheny Energy Supply Co., LLC v. Wolf Run Min. Co.*, 53 A.3d 53, 60

-61 (Pa.Super. 2012) (citation omitted). It is a well-ensconced principle of

law that, "The factfinder is free to believe all, part, or none of the evidence

and to determine the credibility of the witnesses." *Haan v. Wells*, 103 A.3d

60, 70 (Pa.Super. 2014) (citation omitted).

Appellant first avers that the trial court erred in determining that

Appellee performed its work properly since Appellant offered "testimonial

and photographic evidence otherwise." Appellant's brief at 8. Hence,

Appellant asks that we accept his proof, which was contrary to that offered

by Appellee. In accordance with the above-recited standard of review,

Appellant's request must be rejected. Appellee presented photographs of its

work immediately after it was performed. All the stones in the extensive

stairs, sidewalk, and patio were level and the work displayed in the

photographs was not defective. Appellee also presented testimony that it

informed Appellant that settling of the stonework could occur during winter's

freeze and thaw cycles and that it would return to remedy any issues with

the stone work. The trial court's verdict that Appellee's work was satisfactory is firmly supported by the evidence presented by Appellee and cannot be disturbed on appeal.

Appellant's final two claims can be condensed. Appellant mantains that the trial court erred in rejecting Appellant's testimony that he offered Appellee the opportunity to return and remedy the problems with settling as well as his uncontested testimony that he sold the property for a diminished value due to the purportedly substandard stonework. We must reject these positions.

As noted above, the trial court was free to accept Appellee's proof regarding its lack of opportunity to correct the few instances of settling depicted in Appellant's photographs. Danny Hillyard, Appellee's owner, told the court that he was barred from returning to Appellant's property to repair the damage to the stonework caused by the 2010-2011 winter freeze/thaw cycles. Furthermore, the trial court was not required to accept Appellant's testimony that he sold his house for less money due to the stonework. It is irrelevant that Appellant's testimony was not contradicted. The trial court was free to determine that Appellant was not credible and to reject all of the proof that he presented. Appellant admittedly sold the house three years after Appellee performed its work and, in the interim, failed to hire anyone to fix any of the stonework that settled after it was installed.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/28/2015</u>